IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS LOPEZ, | No. C 13-4797 WHA (PR) |
|     Petitioner, | **ORDER DENYING MOTION TO DISMISS; TO SHOW CAUSE** |
|   v. | |
| K. CHAPPEL, | (Docket No. 4) |
|     Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges disciplinary findings by prison officials that petitioner violated prison rules against controlled substances. The petition was found to state a cognizable claim for relief, and respondent was ordered to show cause why the petition should not be granted. Respondent has filed a motion to dismiss the petition on the grounds that there is no federal habeas jurisdiction over his claims, and that his claims do not state a viable claim for relief. Petitioner filed an opposition, and respondent filed a reply brief.

## ANALYSIS

**A.** **STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

In March 2010, prison officials issued a Rules Violation Report (" RVR") against petitioner for distributing controlled substances in prison. The RVR was based on findings that he conspired with another inmate to bring controlled substances into Deuel Vocational Institution, where he was housed at the time. Petitioner claims that prison officials have violated his right to due process because there is no evidence to support the disciplinary findings.

Respondent argues that there is no federal habeas jurisdiction over petitioner's claim because the RVR does not affect the fact or duration of his custody and success on his claims would not entitle him to speedier release. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Respondent's argues that the RVR does not affect the fact or duration of his custody

2

1   because it did not impose a loss of time credits as part of petitioner's punishment.  However,
2   petitioner, who is serving an indeterminate life sentence, shows that the RVR causes the
3   California Board of Parole Hearings to withhold four months of post-conviction credits that he
4   would otherwise receive.  *See* 15 Cal. Code Regs. § 2410(b),(d) (allowing for four months of
5   post-conviction credits per year of incarceration).  Respondent does not dispute the loss of such
6   credits, but argues that the losing post-conviction credits does is insufficient to establish federal
7   habeas jurisdiction.  Respondent cites no authority providing that federal habeas jurisdiction is
8   absent when an inmate challenges a loss of post-conviction credits.  Moreover, respondent
9   acknowledges that petitioner's "actual release date" is affected by the number of post-
10  conviction credits he is awarded (Reply 2), and there is no dispute that petitioner will lose four
11  months of post-conviction credits for the year he received the RVR (*id.* 2-3).  Under these
12  circumstances, and in the absence of authority to the contrary, the loss of four months of post-
13  conviction credits from the RVR means that his claims a challenge the duration of his custody
14  so as to establish federal habeas jurisdiction.

15       Respondent also argues that petitioner does not state a cognizable basis for federal
16  habeas relief because petitioner claims a violation of only state law.  *See Swarthout v. Cooke*,
17  131 S. Ct. 859, 861-62 (2011) (federal habeas writ is unavailable for violations of state law or
18  for alleged error in the interpretation or application of state law).  Respondent argues that
19  petitioner claims that prison officials failed to test the controlled substances, which is required
20  by prison regulations but not by federal law.  Respondent is correct that there is no federal law
21  requiring controlled substances to be tested, but petitioner is not claiming that the failure to test
22  the substances violated his right to due process.  Rather, he claims that the absence of evidence
23  that he distributed controlled substances violated his right to due process.  The absence of test
24  results is simply one of the reasons that petitioner argues there was no evidence to support the
25  RVR, in addition his assertions that no narcotics were brought into the prison and that no
26  narcotics were discovered in the possession of either petitioner or any alleged co-conspirator.
27  Respondent acknowledges that due process does require prison officials to have at least "some
28  evidence" that an inmate violated a prison rule before discipline may be imposed.

*Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Petitioner's claim that no evidence supported the RVR states a cognizable claim for the violation of his right to due process. In his answer, ordered below, this claim of insufficient evidence is the claim respondent must address by identifying what evidence supported the RVR and explaining how such evidence meets the "some evidence" standard of *Hill*.

## CONCLUSION

In light of the foregoing,

1. The motion to dismiss (dkt. 4) is **DENIED**.

2. Respondent shall file with the court and serve on petitioner, within ninety-one days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight days of the date the answer is filed.

**IT IS SO ORDERED.**

Dated: August __18__, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4